IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

FILED

AUG 18 2022

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

**ESTATE OF ELEUSIPA VAN EMBURGH,**
by and through its administrator, **JAMES MICHAEL VAN EMBURGH, et al.,**

Plaintiffs,

v.

**UNITED STATES OF AMERICA,**

Defendant.

CIVIL NO. 2:21-cv-00603

*MEMORANDUM OPINION AND ORDER*

Before the Court is the United States of America's ("Defendant") Motion to Dismiss all claims by the Estate of Eleusipa Van Emburgh, by and through its administrator, James Michael Van Emburgh, et al. ("Plaintiffs"). Mot. Dismiss, ECF No. 10. The Court reviewed Defendant's Memorandum in Support, Plaintiffs' Memorandum in Opposition, and Defendant's Reply. Def.'s Mem. Supp., ECF No. 11; Pls.' Mem. Opp., ECF No. 13; Def.'s Reply, ECF No. 15. This matter is ripe for determination, and a hearing will not be necessary.[1] For the reasons stated below, Defendant's Motion to Dismiss is **GRANTED** for lack of subject matter jurisdiction.

### I. FACTS AND PROCEDURAL HISTORY

Eleusipa Van Emburgh ("Mrs. Van Emburgh" or "Decedent") died on November 9, 2019. Compl., ECF No. 1 ¶ 7. Mrs. Van Emburgh's death was less than 30 days after being discharged on October 16, 2019 from Naval Medical Center Portsmouth, where she underwent a laparoscopic hernia surgery on October 2, 2019. *Id.* ¶¶ 7, 13–15.

---

[1] Accordingly, Plaintiffs' Request for Hearing (ECF No. 14) is **DENIED**.

On or about April 27, 2020, Plaintiffs' counsel transmitted seven separate administrative claims to the Navy seeking damages based upon the alleged wrongful death of Mrs. Van Emburgh due to negligent medical care provided to her at NMCP in October 2019. *See* Compl. ¶¶ 3, 8; *see also* Def.'s Exhibit ("DEX") 1 (Decl. of Kristina Schlieter), ¶¶ 1–2, Attachments A–G (SF-95 Claims for Damage, Injury, or Death); Pls.' Mem. Opp. at 2 ("Plaintiffs generally concur with the facts pertaining to the procedural history of this case contained in Defendant's motion [to dismiss] . . . ."). Six of the administrative claims (the "Individual Claims") were submitted to the Navy on behalf of Mrs. Van Emburgh's widower, James Michael Van Emburgh, individually, and Mrs. Van Emburgh's five biological children: Imelda Crovetto, Alexis Navarro, Rafael Navarro, Amy Rivera, and James Alan ("Jim") Van Emburgh, individually. *Id.*

The administrative claim submitted on behalf of Mrs. Van Emburgh's Estate (the "Estate Claim") was signed by Imelda Crovetto and identified a sum certain amount of $25 million in damages for wrongful death. DEX 1 at Attachment A-7. The Estate Claim included a copy of Mrs. Van Emburgh's will and a written representation agreement between Plaintiffs' counsel and Ms. Crovetto. *Id.* at 2–32. Mrs. Van Emburgh's will identified Ms. Crovetto (formerly Imelda Hughes) as Mrs. Van Emburgh's executor, and the representation agreement specified Ms. Crovetto's retention of counsel for the "resolution of medical malpractice claims related to the wrongful death of Eleusipa Van Emburgh, mother of [Ms. Crovetto] and on behalf of the state [sic] of Eleusipa Van Emburgh, as [Ms. Crovetto] is Executor of such." *Id.* at 2, 11.

On March 11, 2021, the Navy denied all seven administrative claims and mailed a denial letter to Plaintiffs' counsel the next day, in which the Navy denied liability under the FTCA and advised that Plaintiffs had "six months from the date of mailing of this letter to file suit in the

2

appropriate Federal district court." *See* Compl. ¶ 3; DEX 1, ¶ 1, Attachment H (March 11, 2021 Letter from Navy to Plaintiffs' Counsel).

On June 28, 2021, the Estate of Mrs. Van Emburgh, "by and through its Executor Imelda Crovetto," and Mrs. Van Emburgh's widower and five children, individually, filed suit against Defendant, asserting negligence, wrongful death, and survival claims under the FTCA for conduct that is virtually the same as the conduct alleged in the administrative claims (the "First Lawsuit"). *See* No. 2:21-cv-357-RGD-RJK (E.D. Va.), ECF No. 1 (Complaint) ¶¶ 1–46. Plaintiffs also alleged that Imelda Crovetto was the "personal representative" of Mrs. Van Emburgh's Estate. *Id.* ¶¶ 8, 46. During discovery in the First Lawsuit, Defendant served Plaintiffs with discovery requests seeking, among other things, information supporting their allegation that Ms. Crovetto was the personal representative of Mrs. Van Emburgh's Estate. DEX 2 (Def.'s First Set of Interrogs.) at 5. On November 1, 2021, Plaintiffs' counsel advised Defendant's counsel as follows:

> We have decided to take additional probate steps in state court to ensure this action can be properly litigated from a wrongful death perspective in Federal Court under the Federal Tort Claims Act. These steps are currently underway and will be completed by the end of the week. Once completed, we intend to file a new action mirroring the current action . . . . With the new filing, you can expect a withdrawal from the current action.

DEX 3 (Nov. 1, 2021 Email from Plaintiffs' Counsel).

On November 3, 2021, the Circuit Court of Newport News, Virginia entered an order appointing James Van Emburgh as the Administrator of Mrs. Van Emburgh's Estate under Virginia Code § 64.2-454. DEX 4 (Circuit Court Order).

On November 5, 2021, Plaintiffs—the Estate of Eleusipa Van Emburgh ,"by and through its Administrator James Michael Van Emburgh," and Mrs. Van Emburgh's widower and five

3

children, individually—filed the instant suit against Defendant. Compl. at 1. The Complaint in the instant action asserts the same negligence, wrongful death, and survival claims under the FTCA and contains the same substantive factual allegations as the First Lawsuit. On December 2, 2021, Plaintiff filed a Stipulation of Dismissal of the First Lawsuit. No. 2:21-cv-357-RGD-RJK (E.D. Va.), ECF No. 15 (Stipulation of Dismissal).

Defendant filed their Motion to Dismiss the instant action and Memorandum in Support on January 3, 2022. Plaintiffs filed a Memorandum in Opposition on January 17, 2022. Defendant replied on January 24, 2022.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure ("FRCP") 12(b)(1) dictates the dismissal of an action if the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). Federal courts are courts of limited subject matter jurisdiction. *See Pinkley, Inc. v. City of Frederick*, Md., 191 F.3d 394, 399 (4th Cir. 1999). Accordingly, "before a federal court can decide the merits of a claim, the claim must invoke the jurisdiction of the court." *Miller v. Brown*, 462 F.3d 312, 316 (4th Cir. 2006). The plaintiff ultimately bears the burden of proving the court's jurisdiction. *Williams v. United States*, 50 F.3d 299, 305 (4th Cir. 1995). When the defense mounts a factual challenge to subject matter jurisdiction under FRCP 12(b)(1), the Court "may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredericksburg & Potomac R.R. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991); *see also United States ex rel. Vuyyuru v. Jadhav*, 555 F.3d 337, 348 (4th Cir. 2009) ("Unless the jurisdictional facts are intertwined with the facts central to the merits of the dispute, the district court may then go beyond the allegations of the complaint and resolve the jurisdictional facts in

4

dispute by considering evidence outside the pleadings, such as affidavits.") (internal quotations omitted).

Individuals are generally barred from suing the United States by the doctrine of sovereign immunity. *United States v. Testan*, 424 392, 399 (1976). A plaintiff may recover against the United States in cases only where sovereign immunity is expressly waived. *Welch v. United States*, 409 F.3d 646, 650 (4th Cir. 2005) (citing *United States v. Sherwood*, 312 U.S. 584, 586(1941)). Furthermore, "the circumstances of its waiver must be scrupulously observed and not expanded by the court," *Kokotis v. United States Postal Service*, 223 F.3d 275, 278 (4th Cir. 2000), and "all ambiguities [must be] resolved in favor of the sovereign." *Robb v. United States*, 80 F.3d 884, 887–88 (4th Cir. 1996). The Federal Tort Claims Act ("FTCA") acts as a limited, express waiver of sovereign immunity by permitting tort suits against the United States for any injuries a government agent or employee causes when acting within the scope of her employment to the extent a private person would be liable for the act or omission under state law. *See* 28 U.S.C. § 1346(b); *Miller v. United States*, 932 F.2d 301, 303 (4th Cir. 1991).

Before filing suit, however, a plaintiff must first exhaust their administrative remedies with the appropriate federal agency. 28 U.S.C. § 2675(a). This requirement is "'jurisdictional and may not be waived.'" *Ahmed v. United States*, 30 F.3d 514, 516 (4th Cir. 1994) (quoting *Henderson v. United States*, 785 F.2d 121, 123 (4th Cir. 1986)). To exhaust administrative remedies, "an administrative claim must be properly presented." *Kokotis v. United States Postal Serv.*, 223 F.3d 275, 277 (4th Cir. 2000). The FTCA's regulations state that any administrative "claim based on death may be presented by the executor or administrator of the decedent's estate, or by any other person legally entitled to assert such a claim in accordance with applicable State law." 28 C.F.R. § 14.3(c). "[I]n the case of death," administrative FTCA claims against the

Navy must be brought "by the properly appointed legal representative of the deceased's estate or survivor where authorized by State law." 32 C.F.R. § 750.5(b). The FTCA requires federal courts to consider applicable state law when determining who is qualified to bring an FTCA administrative claim. *See* 28 U.S.C. § 1346(b); 28 C.F.R. § 14.3(c); 32 C.F.R. § 750.5(b); *United States v. Muniz*, 374 U.S. 150, 153, 83 S. Ct. 1850, 1853 (1963) (holding that courts should look to state law when evaluating whether a claim is made out under the FTCA). Under Virginia law, wrongful death actions must be "brought by and in the name of the personal representative of such deceased person." Va. Code § 8.01-50.

### III. DISCUSSION

In this case, Plaintiffs' claims individually and on behalf of Mrs. Van Emburgh's estate are dismissed for lack of subject matter jurisdiction because Plaintiffs failed to exhaust their administrative remedies. Plaintiffs did not appoint James Michael Van Emburgh, the decedent's widow, as the personal representative for Mrs. Van Emburgh's estate until November 3, 2021, over a year and a half after Plaintiffs filed their administrative claims with the Navy. Pls.' Mem. Opp. at 2–4; Def.'s Mot. Dismiss at 4, DEX 4. There is no record of any other Plaintiff being properly designated as a personal representative for purposes of this wrongful death action as required by Virginia Code § 8.01-50 and 32 C.F.R. § 750.5(b).[2] Moreover, James Michael Van Emburgh never submitted an administrative claim—properly or improperly—on behalf of Mrs.

---

[2] The Court notes that a majority of circuit courts interpret the "any other person legally entitled to assert such a claim" language in 28 C.F.R. § 14.3(c) as authorizing anyone who would qualify as a statutory beneficiary under state law to bring an administrative FTCA claim. *See Zywicki v. United States*, No. CIV.A. 88–1501-T, 1991 WL 128588, *2 (D. Kan. June 20, 1991) (observing that the Third, Fifth, Sixth, Seventh, Ninth, and the District of Columbia circuits have "reasoned that the only jurisdictional requirements of the FTCA administrative process [under § 14.3(c)] are that the claimant give the agency adequate written notice of the claim and the underlying facts and that the claimant place a value on the claim"). This case, however, involves FTCA claims against the Navy, which entails stricter administrative claim filing requirements than the general requirements in 28 C.F.R. § 14.3(c). *See* 32 C.F.R. § 750.5(b) ("[I]n the case of death," administrative FTCA claims against the Navy must be brought "by the properly appointed legal representative of the deceased's estate or survivor where authorized by State law."). Under Virginia law, survivors are not authorized to initiate wrongful death actions as individuals; wrongful death actions must be brought by a properly appointed representative of the estate. Va. Code § 8.01-50.

Van Emburgh's estate. Thus, Plaintiffs lacked legal authority to present their claims to the Navy, and therefore, failed to exhaust their administrative remedies. *See generally Ghaisar v. United States*, No. 1:18-CV-1296, 2019 WL 386145, at *2 (E.D. Va. Jan. 30, 2019) (finding that parents, who filed a timely FTCA administrative claim for son's death but were not appointed estate representatives under Virginia law until federal suit, failed to exhaust their administrative remedies).

## IV.  CONCLUSION

For these reasons, Plaintiffs claims against Defendant are **DISMISSED** for lack of subject matter jurisdiction. The Clerk shall provide a copy of this Memorandum Opinion and Order to the parties and all counsel of record.

**IT IS SO ORDERED**.

Norfolk, Virginia
August 17 2022

Raymond A. Jackson
United States District Judge